UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| THOMAS DANIEL HALE, | ) | |
| --- | --- | --- |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:16-cv-00573-DBH |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, et al., | ) ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S COMPLAINT**

Plaintiff Thomas Daniel Hale, a/k/a Thomas Daniel Eugene Rheahale, an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed an action with this Court in which he evidently attempts to assert a variety of claims against multiple defendants. While the gravamen of Plaintiff's filings is difficult to discern, Plaintiff apparently attempts to assert claims involving social security benefits, disability rights, habeas corpus, and other matters. Plaintiff does not identify a defendant located in Maine, nor any conduct that occurred in Maine. Upon review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**Discussion**

Plaintiff also filed a motion for leave to proceed in forma pauperis. (ECF No. 4.) Plaintiff does not appear to qualify for in forma pauperis status based on the summary dismissal of three prior in forma pauperis actions. *See* 28 U.S.C. § 1915(g); *see also Hale v. State of Mine Mind and State of Emergencies*, No. 1:16-cv-421 (E.D. Tenn.) (October 21, 2016, Order Denying Request

for Leave to Proceed In Forma Pauperis, ECF No. 6).[1]  Because Plaintiff does not qualify for in forma pauperis status and has not paid the filing fee, dismissal is appropriate.

Even if Plaintiff qualified for in forma pauperis status, dismissal of Plaintiff's complaint is warranted.  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, sua sponte, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,*

---

[1] A national search of the federal court electronic docket reveals Plaintiff has filed more than 20 other civil actions, including 10 actions filed in 2016.  Plaintiff filed most of the matters in Tennessee, and in some of the actions filed in 2016, he joined many of the named defendants in this matter.

550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Here, Plaintiff has not asserted a plausible cause of action against the named defendants. Instead, Plaintiff's filings consist of references to certain legal authority (e.g., rules, statutes) and allegations that do not appear related to each other or the referenced legal authority. In short, Plaintiff has not asserted an actionable claim.

**Conclusion**

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.[2]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

---

[2] If the Court adopts the recommendation, Plaintiff's motion for leave to proceed without prepayment of fees (ECF No. 4) would be moot.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of December, 2016.